UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA J. THIELEN,<br><br>                Plaintiff,<br><br>     v.<br><br>BLAZER, Official No. 973389, her gear, furniture, equipment, etc., *in rem*, BLAZER FISHING, INC., and, the marital community of RODNEY MILLER and JANE DOE MILLER, *in personam*,<br><br>                Defendants. | Case No.  C05-5279 RJB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's claims for maintenance and attorney's fees. Dkt. 13.  The court has considered the pleadings filed in support of and in opposition to the motion and the file herein, and has determined that these motions may be resolved without oral argument.

PROCEDURAL HISTORY

     The claims in this matter arise from injuries sustained by Plaintiff Joshua Thielen while employed as a seaman by Defendant Blazer Fishing, Inc. On December 3, 2003, Plaintiff injured his thumb on his right hand while working aboard the fishing vessel Blazer (Official No. 973389) as a deck hand, and was treated in the emergency room of Ocean Beach Hospital on the same day.  Dkt. 16, at 3.  The injury was described in the emergency room records as a nail injury, partial avulsion, subungual hematoma, and

laceration. *Id.* at 3. Plaintiff contends that, due to substantial pain, he returned to the emergency room for further treatment a few hours later. *Id.* Plaintiff contends that the treating physician told him that he should not return to work, and that he needed to keep the thumb clean. *Id.* at 5. At that appointment, no further curative treatment was recommended, and the emergency room attendant noted in his chart notes that Plaintiff was to follow-up with a physician if he had any additional problems or concerns. Dkt. 13, at 2.

On or about December 17, 2003, Plaintiff returned to work on the Blazer, but not in his former capacity as a deck hand. Dkt. 16, at 5. Plaintiff contends that he was asked to steer the boar and perform wheel watches while the captain, Rod Miller, napped. *Id.* In this position, Plaintiff was paid a 5% crew share, rather than the 10% crew share that he had previously received as a deck hand. *Id.* On or around January 11, 2004, Plaintiff returned to work as a deck hand, and was reinstated to his former share of 10%. *Id.*

Plaintiff contends that he returned to work as a deck hand even though he was in great pain from his injury, and that his thumb was "ultra-sensitive to touch and to the cold." *Id.* at 6. Plaintiff had received a prescription for pain medication at the emergency room, which he would take when not working. *Id.* Plaintiff continued working on the Blazer as a deck hand until the boat and crew stopped fishing for the season. *Id.*

On November 11, 2004, Plaintiff sought treatment for his injury from William Wagner, M.D. of Seattle Hand Surgery Group. *Id.* at 4. Dr. Wagner's report stated, in part, that the ongoing pain was most likely neurogenic in nature, and that no additional treatment was recommended. *Id.* The report also recommended: "Observation as it is felt that his symptoms will reach a maximum improvement at a year-and-a-half out from his injury." *Id.* On April 4, 2005, Defendants paid Plaintiff a total of $450 in maintenance for the 18 days that he did not work aboard the Blazer following his injury. *Id.* at 2.

On April 20, 2005, Plaintiff brought this action for maintenance and attorney's fees. Dkt. 1. Plaintiff contends that he is entitled to reasonable maintenance until his injury has reached maximum medical improvement, which, according to Dr. Wagner's report, will occur at a year-and-a-half out from injury. Plaintiff contends that reasonable maintenance is $35 per day for 18 months. Plaintiff further contends that he in entitled to attorney's fees, due to Defendants' bad-faith refusal to pay maintenance

on time and in the appropriate amount, under the standards set forth in *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1504-05 (9th Cir. 1995) and *Moore v. Sally J.*, 27 F.Supp.2d 1255, 1262 (W.D. Wash. 1998).

## MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment (Dkt. 13) requests that the Court dismiss Plaintiff's claims for maintenance and attorney's fees. Defendants contend that the record is clear and unequivocal that no further medical treatment is recommended for Plaintiff by any medical provider, and that no medical provider has placed any restriction upon Plaintiff's ability to return to work in his accustomed trade. Defendants point out that Plaintiff returned to work after his first medical appointment for his injury, and that Plaintiff did not seek medical treatment during the 11-month interval between his first and second appointments. Defendants contend that all of these facts, when taken together, show that Plaintiff is not entitled to further maintenance, and that Plaintiff's claims should be dismissed as a matter of law.

Defendants specifically argue that Plaintiff's interpretation of the law of maintenance is faulty, and that Plaintiff is not entitled to maintenance for the 18 months noted in Dr. Wagner's report. Defendants agree that Dr. Wagner's report states that Plaintiff's "symptoms will reach a maximum improvement at a year-and-a-half out from his injury." However, Defendants argue that the common law of maintenance was not intended to extend maintenance payments to the point of maximum recovery when the seaman does not need further medical care, is fit for duty, and has returned to work in his accustomed trade. Defendants note that maintenance and curative care are traditionally coextensive, and that Plaintiff is not entitled to one when the other is not necessary. Defendants, however, acknowledge that, to their knowledge, no court has addressed this specific issue in this context. Defendants also argue that attorney's fees are not warranted, because the payment made to Plaintiff for 18 days of maintenance, and Defendants' attempts to settle this case, show good faith on behalf of Defendants.

Plaintiff contends that the obligation to pay maintenance and cure continues until the seaman has reached maximum cure, which is generally defined as a return to health or the attainment of a state from which he will not get any better (quoting *McCarthy v. F/T Seafreeze Alaska*, 2004 AMC 2107, 2109 (W.D.Wa. 2004)). Plaintiff notes that Dr. Wagner's report stated that Plaintiff would reach maximum improvement at a year-and-a-half out from his injury. Plaintiff contends that the law should be interpreted

to extend maintenance to the end of this year-and-a-half period, the point at which Plaintiff will reach "maximum improvement" according to Dr. Wagner. Plaintiff also contends that (1) the duty to provide maintenance and cure is absolute, (2) an injured seaman is entitled to maintenance where observation is the recommended treatment and the seaman continues to improve, and (3) where a seaman has not reached maximum medical recovery, a return to some form of employment is not cause for terminating maintenance.

Plaintiff further contends that Defendants have shown bad faith by waiting for 16 months after Plaintiff's injury to pay maintenance, and by paying maintenance for only 18 days, rather than 18 months. Plaintiff alleges that Defendants withheld maintenance so they could use this amount to negotiate a settlement of Plaintiff's entire claim (including medical reimbursement and unpaid wages, which are not at issue in this case). Plaintiff argues that this behavior constitutes willful and persistent refusal to pay maintenance or cure, which entitles Plaintiff to attorney's fees under the standards set forth in *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1504-05 (9th Cir. 1995) and *Moore v. Sally J.*, 27 F.Supp.2d 1255, 1262 (W.D. Wash. 1998).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1  The determination of the existence of a material fact is often a close question. The court must
2  consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a
3  preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809
4  F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party
5  only when the facts specifically attested by that party contradict facts specifically attested by the moving
6  party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial,
7  in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d
8  at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient,
9  and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

Defendant has requested that the Court dismiss on summary judgment Plaintiff's claims for maintenance and attorney's fees. Defendants specifically argue that the law of maintenance and cure is clear, and that it can not be interpreted in a way that extends maintenance to the year-and-a-half time period noted in Dr. Wagner's report. Defendants, however, have not met their initial burden of showing that there is an absence of evidence to support Plaintiff's case. Based on the Court's review of the evidence presented thus far, there remain material issues of fact which must be resolved before either party is entitled to judgment.

From its dawn, the maritime law has recognized the seaman's right to maintenance and cure for injuries suffered in the course of his service to his vessel, whether occurring on sea or on land. *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-42 (1943). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work, and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). In *Vaughan*, 369 U.S. at 531-32, the Supreme Court emphasized the importance of interpreting claims for maintenance and cure in a liberal fashion:

> Admiralty courts have been liberal in interpreting this duty 'for the benefit and protection of seamen who are its wards.' *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 529 (1938). We noted in *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 730 (1943), that the shipowner's liability for maintenance and cure was among 'the most pervasive' of all and that it was not to be defeated by restrictive distinctions nor 'narrowly confined.' *Id.*, at 735. When there are ambiguities or doubts, they are resolved in favor of the seaman. *Warren v. United*

*States*, 340 U.S. 523 (1951).

The Federal Rules of Civil Procedure dictate that summary judgment motions be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor." *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 958 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the burden of demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Defendants have failed to show that there is a complete absence of evidence to support Plaintiff's case, especially when all justifiable inferences are drawn in Plaintiff's favor. Plaintiff has provided some evidence that a claim for maintenance may be warranted, including a medical report that indicates Plaintiff's injury may require 18 months to reach "maximum improvement." Defendants have not shown as a matter of law that this evidence is insufficient to justify Plaintiff's claim for maintenance. Several issues of material fact remain undetermined in this case, including whether Plaintiff was fit to return to work on the Blazer, or to return to work as a deck hand at any time during the 18-month period in question. The act of returning to work as a deck hand does not necessarily mean that Plaintiff was fit to do so under maritime law. Dr. Wagner's report is silent on these and other issues of fact that may pertain to Plaintiff's claim for maintenance.

Defendants have also argued that the law regarding maintenance is clear enough to warrant dismissal of Plaintiff's claims on summary judgment, then, to the contrary, have stated in their Reply that, "[t]o Defendants' knowledge, no court has addressed this specific context, where [P]laintiff seeks maintenance *only* for a period of 18 months when no further curative care is recommended." Dkt. 19, at 4. Further, the importance of interpreting claims for maintenance and cure in a liberal fashion, as set forth in *Vaughan* above, can not be ignored by the Court. In sum, Defendants have not met their initial

1  burden of showing that there is an absence of evidence to support Plaintiff's case, or that there are no
2  material issues of fact that remain.

3  ORDER

4  Therefore, it is hereby

5  **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 13) is **DENIED**.

6  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
7  record and to any party appearing *pro se* at said party's last known address.

8  DATED this 21st day of October, 2005.

Robert J. Bryan
United States District Judge